# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | 2: 09-cr-00310 |
| v. ) | 2: 12-cv- 1751 |
| ) | |
| MARK PEIRITSCH ) | |

### MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 64) filed pro se by Defendant Mark Peiritsch. The government has filed a response in opposition to the motion, Peiritsch has filed a reply, and the motion is ripe for disposition.

Factual and Procedural Background

On November 17, 2009, a federal grand jury returned a one-count indictment which charged Peiritsch with possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). The charge stemmed from an undercover investigation of a peer-to-peer network on which child pornography was shared. On July 23, 2009, the police executed a search warrant at the home of Peiritsch and recovered a large collection of child pornography from Peiritsch's computers, external hard drives and storage media. Peiritsch also agreed to be interviewed and made several incriminating statements to the agents. *See* Transcript of Plea Hearing at 19-20. On March 10, 2011, Peiritsch appeared in Court with counsel and, after an extensive colloquy, entered a plea of guilty. There is no plea agreement in this case.

Peiritsch agreed with the prosecution's summary of his offense conduct. Transcript at 21.

A Presentence Investigation Report ("PSI") was prepared by the probation office. Peiritch had a total offense level of 30 and was in criminal history category I, for an advisory guideline range of 97-121 months of imprisonment. Defendant did not file any objections to the PSI. However, defense counsel Patrick Thomassey prepared an extensive Memorandum in Aid of Sentencing with over two dozen letters of support and recommendation from family, friends and co-workers. On July 15, 2011, Peiritsch was sentenced to a term of imprisonment of 51 months, which represented a significant downward variance from the advisory guideline range as calculated in the PSI. During the sentencing colloquy Peiritsch was asked whether he was "in any way dissatisfied with the service, advice or representation provided by [his attorney] Mr. Thomassey in this matter." Transcript of Sentencing Hearing at 30. Peiritsch responded: "No, Your Honor." *Id*.

Peiritsch filed a direct appeal. By Judgment dated June 28, 2012 the United States Court of Appeals for the Third Circuit affirmed the sentence of this Court. In an unpublished opinion, 469 Fed. Appx. 137 (3d Cir. 2012), the Court of Appeals explained that the only appellate issue presented by Peiritsch -- the alleged ineffective assistance of counsel – was not properly decided on direct appeal. This timely § 2255 motion followed.

Peiritsch contends that his attorney was ineffective on three grounds: (1) that he did not arrange for a forensic analysis of the evidence seized (Peiritsch believes that the quantity was less than 3 terabytes); (2) that he failed to object to numerous enhancements in the PSI[1]; and (3) that counsel did not return phone calls "or do what he said he would do." As an example, Peiritsch cited an issue with the pretrial services agent which he personally resolved. Peiritsch

---

[1] Peiritsch also contends that counsel failed to correct a mistake about when Peiritsch started dating his girlfriend.

2

asks for a new trial and sentence.

Legal Analysis

The government contends that the motion is without merit and asks the Court to refuse to issue a certificate of appealability. Specifically, the government argues that the contentions made by Peiritsch are: (1) impermissibly vague and conclusory; (2) procedurally barred; and/or (3) fail to demonstrate that his attorney was ineffective. In his reply, Peiritsch acknowledges that he is not an attorney and that his motion may not be up to legal standards. More specifically, he explains that: (1) if a forensic analysis had been conducted, "a mistake ***may*** have been found"; (2) if counsel had challenged the PSI enhancements, "the starting range of my sentence ***could*** have been much lower"[2]; and (3) that his third ground for relief "**did not impact my sentence or my decision to plead guilty**." (Emphasis added).

After consideration of the arguments of the parties and the complete file in this case, the Court concludes that the § 2255 motion must be denied. The alleged failure to obtain a forensic analysis of the evidence seized by the government did not have any impact on the advisory guideline calculation or on the ultimate sentence imposed. Agents seized several terabytes of child pornography. Each terabyte can hold approximately 200,000 photographs or 380 hours of video. Pursuant to USSG § 2G2.2(b)(7)(D), the maximum 5-level enhancement is applied if the offense involves more than 600 images. The collection amassed by Peiritsch vastly exceeded the maximum level, by several orders of magnitude. Counsel was not ineffective in failing to pursue a forensic analysis and Peiritsch was not prejudiced thereby.

---

[2] Peiritsch correctly recognizes that the mistaken date regarding the start of his romantic relationship did not have an impact on his sentence.

Peiritsch contends that his attorney should have challenged the following offense-level enhancements in the PSI: (1) use of a computer; (2) peer-to-peer file sharing; and (3) 600 images (as discussed above). Peiritsch's contentions are frivolous. The record overwhelmingly establishes, through the undercover investigation, the items seized pursuant to the search warrant, and the statements made to agents by Peiritsch, that he used a computer and a peer-to-peer file sharing program, and that the offense involved more than 600 images. Accordingly, defense counsel was not ineffective for failing to pursue these meritless challenges to the PSI.

Finally, the Court understands and appreciates the frustration and anxiety of defendants who experience difficulty in communicating with their attorney during this extremely stressful period in their lives. Although the Court understands the challenges involved in managing a full case load, the Court urges counsel to be diligent and prompt in responding to every client. As articulated by Peiritsch, it is important that every client be assured that counsel is actively engaged and working on his/her behalf. Nevertheless, as Peiritsch recognizes, this issue did not impact his sentence or his decision to plead guilty. Accordingly, relief is not warranted pursuant to § 2255. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (Defendant must prove both that counsel's conduct was objectively unreasonable and that the outcome was adversely affected). The Court further notes that any inference of prejudice in this case is conclusively rebutted by the fact that Peiritsch received a sentence that was far below the advisory guideline range. The Court notes that it has re-reviewed the transcripts of the plea and sentencing hearings, and is satisfied that Peiritsch entered a knowing and voluntary plea of guilty in this case and has not established any grounds to vacate, set aside or correct his sentence.

Conclusion

In accordance with the foregoing, the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 64) filed pro se by Defendant Mark Peiritsch will be **DENIED**. An evidentiary hearing is not necessary or warranted under the facts and circumstances of this case and a certificate of appealability should not be issued. *See* Third Circuit L.A.R. 22.2; 28 U.S.C. § 2253(c)(2).

An appropriate Order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | | |
| | ) | | |
| | ) | 2: 09-cr-00310 | |
| v. | ) | 2: 12-cv- 1751 | |
| | ) | | |
| **MARK PEIRITSCH** | ) | | |

## ORDER OF COURT

AND NOW this 11th day of February, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (Document No. 64) filed by Defendant Mark Peiritsch is **DENIED**. Civil Action No. 12-1751 shall be docketed closed. No certificate of appealability is issued

BY THE COURT;

s/ Terrence F. McVerry
United States District Judge

cc:
    Jessica Lieber Smolar, AUSA

    Mark Peiritsch
    #30761-068
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640
    (By First Class Mail)